IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wells Fargo Bank, N.A., )<br>　　　　　　　　　　　　　　　　　 )<br>　　　　　　　　Plaintiff, 　　　 )<br>　　　　　　　　　　　　　　　　　 )<br>　 vs.　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　 )<br>Joyce A. Bryant and Antonio Bryant, )<br>　　　　　　　　　　　　　　　　　 )<br>　　　　　　　　Defendants.　　　 )<br>_____) | C/A No. 2:15-4726-MBS<br><br><br><br>**O R D E R** |

　　　Plaintiff Wells Fargo Bank, N.A. filed a complaint for the foreclosure of a real estate mortgage in the Court of Common Pleas for the County of Dorchester, South Carolina, on June 4, 2014. On November 23, 2015, Defendant Joyce A. Bryant removed the action to federal court pursuant to 12 U.S.C. § 95(a)(2) and 8 U.S.C. § 1481.

　　　In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge reviewed the complaint and removal documents and determined the complaint alleges no federal question jurisdiction. The Magistrate Judge further determined that Defendant Joyce A. Bryant, as a South Carolina resident, is without authority to remove the within action on the basis of diversity of citizenship. Accordingly, on December 18, 2015, the Magistrate Judge issued a Report and Recommendation in which he recommended that the case be remanded to state court for lack of subject matter jurisdiction. See 28 U.S.C. §§ 1441, 1447(c), 1331, 1332. No party filed objections to the Report and Recommendation.

　　　The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court.

Mathews v. Weber, 423 U.S. 261, 270 (1976).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1).  This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  Id.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

      The court has thoroughly reviewed the record.  The court concurs in the Report and Recommendation and incorporates it herein by reference.  The complaint is remanded to state court for lack of subject matter jurisdiction.

      **IT IS SO ORDERED**.

        /s/ Margaret B. Seymour  
        Senior United States District Judge

Columbia, South Carolina

January 15, 2016.